**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | |
|---|---|
| In re: ) | |
| ) | |
| **RYAN J. FREYTA,** ) | Case No. 10-39595 HRT |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |

### ORDER ON CHAPTER 13 STANDING
### TRUSTEE'S FINAL REPORT AND ACCOUNT

This case comes before the Court on the *Chapter 13 Standing Trustee's Final Report and Account* (docket #60) (the "Final Report").

In addition to her Final Report, Trustee has filed *Trustee's Statement Regarding Debtor's Eligibility for Discharge* (docket #59) (the "Statement"). The Trustee's Statement informs the Court that the Debtor is ineligible for discharge and lists the following case deficiencies:

1. There is an unresolved dispute regarding a mortgage deficiency.
2. The Debtor has failed to file a Statement of Completion of Course in Personal Financial Management Official Form 23.3.
3. The Debtor has failed to file Local Form 3015-1.11.

Trustee's Statement requests no Court action.

Trustee's Final Report contains the usual account of case receipts and disbursements. It also requests that the Court enter a final decree that discharges the Trustee from her responsibilities in this case because the case has been fully administered.

The case has not been fully administered. The Court has before it a case wherein the Debtor has completed those payments under his plan that are paid to the Trustee. However, a response to the Trustee's *Notice of Final Cure Payment* (docket #57) under FED. R. BANKR. P. 3002.1(f) has been received from U.S. Bank National Association, as Trustee, ("Creditor") stating that its pre-petition arrearage has not been fully paid and that the Debtor has failed to maintain post-petition payments on the mortgage obligation held by the Creditor as required under 11 U.S.C. § 1322(b)(5) and the Debtor's confirmed chapter 13 plan. Neither the Debtor nor the Trustee has filed a request under Rule 3002.1(h) for a Court determination of the final cure payment. Thus, the accuracy of the information supplied by the Creditor in response to the Trustee's Rule 3002.1(f) notice has not been placed at issue by any interested party. The Debtor has failed to file a verification that he has completed the financial management course required for discharge. He has not even filed a request for discharge.

ORDER ON CHAPTER 13 STANDING
TRUSTEE'S FINAL REPORT AND ACCOUNT
Case No. 10-39595 HRT

By all appearances, the Debtor has abandoned his case. Yet, the Court has before it no dispositive motion by any interested party. The Debtor has not sought dismissal or conversion of his case and neither has the Trustee. Given the current posture of the case, the Court cannot find that it has been fully administered and must deny the Trustee's request for a final decree. Therefore, it is

**ORDERED** that the Chapter 13 Trustee's request for final decree is DENIED.

Dated this __5th__ day of May, 2016.

**BY THE COURT:**

Howard R. Tallman, Judge
United States Bankruptcy Court